**UNITED STATES of America,**
**Appellee,**

v.

**Salvatore LoCASCIO, Defendant–**
**Appellant.**

No. 05–6983–cr.

United States Court of Appeals,
Second Circuit.

June 13, 2006.

Herald Price Fahringer (Erica T. Dubno, on the brief), Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, LLP (Marc Fernich, Eric Franz, on the brief), New York, NY, for Appellant.

Eric R. Komitee, Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Brooklyn, NY, for Appellee.

Present JOSEPH M. McLAUGHLIN, REENA RAGGI, Circuit Judges, and KENNETH M. KARAS,[1] District Judge.

## AMENDED SUMMARY ORDER

On February 14, 2005, defendant Salvatore LoCascio pleaded guilty pursuant to a written plea agreement to a one-count information charging him with money laundering in violation of 18 U.S.C. § 1957. Released on bail pending expedited appeal pursuant to a May 30, 2006 order of this court, LoCascio challenges his conviction on the ground that the government breached the plea agreement at sentencing by taking a position on the extent of a downward departure from his Sentencing Guidelines range. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

We interpret plea agreements *de novo* in accordance with principles of contract law, looking to the parties' reasonable understanding of the agreement's terms and resolving any ambiguities in the defendant's favor. *See, e.g., United States v. Vaval,* 404 F.3d 144, 152 (2d Cir.2005). In this case, the government agreed in writing to "take no position concerning where within the Guidelines range determined by the Court the sentence should fall," Plea Agreement at 10, and agreed orally not to oppose a downward departure on the ground of extraordinary family circumstances, assuming LoCascio presented sufficient evidence of his wife's serious medical condition, see Plea Tr. at 24–27, 39.

At sentencing, the government opposed the defense requests for downward departures based on LoCascio's extraordinary rehabilitation and the Guidelines' overstatement of his criminal history. It specifically did not, however, oppose departure based on extraordinary family circumstances, nor did it urge any limit on the extent of any departure. To the contrary, it repeatedly stated that it was not taking any such position. See Sentencing Tr. at 56–57, 104. Nevertheless, it did urge the judge to consider any departure decision in light of each of the sentencing factors articulated in 18 U.S.C. § 3553(a), noting that LoCascio was a "repeat offender" who had committed "a serious money laundering offense emanating from a massive fraud resulting in millions of dollars [going] into [defen-

---

1. The Honorable Kenneth M. Karas, of the United States District Court for the Southern District of New York, sitting by designation.

dant's] pocket." Sentencing Tr. at 54. Although LoCascio contends that this argument effectively breached the plea agreement, we disagree.

A district court's obligation to consider the factors outlined in § 3553(a) when imposing sentence cannot be disputed, see *United States v. Booker*, 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), nor can the government's reserved right in this case to convey information relevant to these factors. The plea agreement expressly recognizes the government's right to "advise the Court ... of information relevant to sentencing, including criminal activity engaged in by the defendant, [which] information may be used by the Court in determining the defendant's sentence." Plea Agreement at 2. The challenged government statement fell within this provision without crossing the line into impermissible opposition to a family circumstances departure or argument limiting its extent. See *United States v. Riera*, 298 F.3d 128, 135 (2d Cir.2002).

In urging otherwise, LoCascio attempts to analogize his case to *United States v. Vaval*. We are not convinced. In *Vaval*, this court concluded that the government effectively breached a promise not to take a position at sentencing by engaging in a "highly negative characterization[ ] of appellant's criminal history." 404 F.3d at 153 (describing defendant's criminal history as "appalling" and characterizing his remorse as "disingenuous"). In this case, the government engaged in no comparable provocative conduct. *See id.* at 154 (emphasizing "severity and context" of the government's statement, which "went far beyond a few ill-advised words"). Its brief statement referenced two pieces of information that were both undisputed and relevant to the holistic assessment contemplated by § 3553(a), *i.e.*, that the defendant was a repeat offender and that he had realized millions of dollars from the crime of conviction. In this respect, the case is more akin to *United States v. Amico*, 416 F.3d 163 (2d Cir.2005), than to *Vaval*. In *Amico*, we held that "mild, non-provocative, merely informative, and substantially justified" comments do not breach the government's plea agreement obligation not to oppose a downward adjustment. *Id.* at 168.

Because we find no breach in this case, it is unnecessary for us to consider whether LoCascio sustained " 'meaningful detriment' " from the government's action. See *United States v. Amico*, 416 F.3d at 167 (quoting *United States v. Vaval*, 404 F.3d at 155). We note simply that such a conclusion is by no means obvious. In contrast to *Vaval*, in which the defendant received a sentence at the very top of the Guidelines range, *see* 404 F.3d at 151, LoCascio's thirty-month sentence represents a significant downward departure from his 70–to–87–month Guidelines range. Having reviewed the district court's careful and thorough discussion of facts informing its sentencing decision, we expect that LoCascio's " 'reasonable expectations' " as to his sentence were fulfilled in this case. *United States v. Amico*, 416 F.3d at 167 (quoting *United States v. Vaval*, 404 F.3d at 155).

The district court's February 7, 2006 judgment of conviction is hereby AFFIRMED. This court's May 30, 2006 stay of surrender is hereby VACATED and the defendant is ordered to surrender to FCI Coleman or such other facility as may be designated by the Bureau of Prisons no later than Monday, June 19, 2006 at 12:00 noon.